# GIRARD NATIONAL BANK, Plff.,

## *v.*

# PLANTATIONS COMPANY, Dft.

San Juan, Law, No. 1086.

ON APPLICATION TO DISSOLVE ATTACHMENT.

**Bankruptcy—Dissolution of Attachment.**

> Where during the pendency of a suit at common law, the defendant goes into bankruptcy and the trustee applies to have an attachment levied by the plaintiff dissolved, the court will ordinarily grant the petition, and will order the cancelation of the plaintiff's bond given in the attachment proceedings.

Opinion filed February 26, 1916.

*Mr. Francis E. Neagle* for plaintiff.

*Mr. Hugh R. Francis* for defendant.

*Mr. Alfred T. Steinmetz,* trustee in bankruptcy, *per se.*

HAMILTON, Judge, delivered the following opinion:

This case comes up at present upon a petition of Alfred T. Steinmetz, who is shown by proper papers to be the trustee for the Plantations Company. His petition states those facts, based mainly, of course, upon the fact of the adjudication in bankruptcy, and he asks, under § 67-F of the Bankruptcy Law of 1898, that the attachment heretofore obtained by the plaintiff in this case against the Plantations Company be dissolved.

VIII. Porto Rico—30.

Girard Nat. Bank v. Plantations Co.

This is not objected to by the plaintiff, in fact, could not be. So far, there is no opposition. Mr. Francis states that he may represent certain parties who may claim a lien upon the tobacco which has been attached, and he does not want the order granted at this time.

I am unable to see how I can refuse to grant the order. In several cases which have come up in this court, one where there was a trustee in bankruptcy, the court acting in an ancillary capacity, the court did not allow the property to go out of the jurisdiction until matters were closed up here. It was, perhaps, an extreme step, but I thought it justified by the facts. But in this particular case the court is not a court of bankruptcy at all. This is simply a common-law suit between the Girard National Bank and the Plantations Company, and this court has no more rights than any other law court would have. The practice uniformly is that when a suggestion is made of bankruptcy, the case stops then and there. If anyone has a lien upon this property, he still has the right to enforce it, certainly in the bankruptcy court in Philadelphia, and possibly,—I do not know enough of the facts to say,—by some ancillary proceeding here; but at all events, not in this particular case. So it looks to me that I must grant the petition.

As to the cancelation of the bond, that would follow from the abatement of the suit. There is no reason to make the plaintiff go on paying for a bond that he cannot use, and no creditor of the defendant, the Plantations Company, can object to it. Plaintiff does not object to it. The creditors are all represented now by the trustee, and he consents to the cancelation. It looks to me as if the two should go together, and I will sign the order.